THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JANE DOE, individually and on behalf of RICHARD ROE, a minor,<br><br>Plaintiff,<br><br>v.<br><br>MERITAIN HEALTH INC.; CARE COORDINATORS BY QUANTUM HEALTH; and THE HURON CONSULTING GROUP, INC. WELFARE BENEFIT PLAN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:26-cv-00196-JCB<br><br><br><br>Magistrate Judge Jared C. Bennett |

Before the court is a motion to proceed anonymously filed by Jane Doe, individually and on behalf of Richard Roe, a minor.[1] For the reasons explained below, the court grants the motion.

BACKGROUND

This case concerns Defendants' denial of health insurance benefits for Richard Roe's care.[2] Jane Doe's complaint provides a detailed account of the struggles Richard Roe went through as a minor, including aggressive behaviors, suicidal ideation, mental health hospitalizations and outpatient care (some of which he was asked to leave early due to behaviors too extreme or disruptive for the facility to manage), and mental health conditions like disruptive

---

[1] ECF No. 4.

[2] *See generally* ECF No. 1.

mood dysregulation disorder.[3] Jane Doe presented extensive evidence from Richard Roe's

medical records—including sensitive and personal information about Richard Roe's mental

health history as a minor—in support of appeals asserting that Richard Roe's care at Cherry

Gulch should have been covered by Defendants.[4]

## LEGAL STANDARDS

Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties."[5] With

respect to minors, however, Fed. R. Civ. P. 5.2 provides that they must be named by initials

unless the court orders otherwise.[6] No provision in the Federal Rules of Civil Procedure permits

"suits by persons using fictitious names" or "anonymous plaintiffs."[7] However, "exceptional

circumstances" may warrant "some form of anonymity in judicial proceedings."[8] Exceptional

circumstances include those cases "involving matters of a highly sensitive and personal nature,

real danger of physical harm, or where the injury litigated against would be incurred as a result

of the disclosure of the plaintiff's identity."[9] In deciding whether to preserve anonymity, the

court weighs any exceptional circumstances against the public's interest in access to legal

proceedings.[10] Courts enjoy "discretion [in] allow[ing] a plaintiff to proceed using a

---

[3] *See generally id*.

[4] *See generally id*.

[5] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).

[6] Fed. R. Civ. P. 5.2(a)(3).

[7] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[8] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[9] *Id*. (citation modified).

[10] *Id*.

pseudonym."[11] If a court grants permission for plaintiffs to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[12] When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[13]

**ANALYSIS**

The court grants Jane Doe's motion to proceed anonymously because this case implicates "exceptional circumstances" the Tenth Circuit and Rule 5.2 recognize as warranting anonymity. Several reasons weigh in favor of protecting Jane Doe's and Richard Roe's identities in this case. The court takes each in turn.

First, the medical records in this case refer to Richard Roe's struggles before the age of 18. Rule 5.2(a)(3) requires litigants to protect the identity of a minor by using, at a minimum, only the minor's initials when filing pleadings. Accordingly, Jane Doe filed the complaint in this case using pseudonyms to protect Richard Roe's identity. Even if Richard Roe is no longer under the age of 18, courts recognize the appropriateness of preventing the names of minors from being disclosed past the date they reach majority, particularly where they may be burdened in adulthood by their actions as minors.[14] Although Richard Roe's mother, Jane Doe, was not a

---

[11] *U.S. Dep't of Just. v. Utah Dep't of Com.*, No. 2:16-cv-00611-DN-DBP, 2017 WL 963203, at *1 (D. Utah Mar. 10, 2007) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).

[12] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

[13] *Id.* (citation modified).

[14] *See, e.g.*, *N.E. v. Blue Cross Blue Shield of N.C.*, No. 1:21CV684, 2023 WL 2696834, at *15 (M.D.N.C. Feb. 24, 2023) (providing, in another ERISA case concerning mental health care, that

3

minor at any relevant time, disclosure of Jane Doe's full name would have the impact of revealing Richard Roe's identity and thus would violate the spirit of Rule 5.2(a)(3) and the policies preventing disclosure of records relating to minors.[15]

Second, a substantial portion of the record in this case is comprised of Richard Roe's protected health information and records relating to Richard Roe's treatment. Even absent any discussion of Richard Roe's age, those records are protected from public disclosure by HIPAA.[16] Moreover, highly sensitive and personal medical issues experienced by Richard Roe constitute an "exceptional circumstance" that weighs against the disclosure of Jane Doe's and Richard Roe's identities.

Finally, Jane Doe's and Richard Roe's identities are known to Defendants, as Defendants insured Jane Doe and Richard Roe and administered the coverage for the insurance plan. Consequently, allowing Jane Doe and Richard Roe to proceed anonymously does not prejudice Defendants.

---

"although [the plaintiff] is no longer a minor, [he] was a minor when the facts underlying this case occurred, which also weighs in favor of protecting his identity and by extension, [his parent's] identity"); *Doe v. USD No. 237*, No. 16-cv-2801-JWL-TJJ, 2017 WL 3839416, *11 (D. Kan. Sept. 1, 2017) (concluding that "[t]he fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the [c]ourt's analysis" when considering whether Doe should be allowed to proceed anonymously).

[15] *See, e.g.*, *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (concluding that although adult parents do not enjoy a heightened privacy interest themselves, a child "and his parents share common privacy interests based on their inseparable relationship to one another" and that "[o]rdering disclosure of the parent[s'] identities" would effectively reveal the child's identity and "place—in effect— personally identifiable and confidential information about the . . . minor in the public record").

[16] 42 U.S.C. § 1320d *et seq*.

In sum, the public interest in access to Jane Doe's and Richard Roe's identities appears relatively limited compared to the interest in protecting Jane Doe's and Richard Roe's identities and matters of a highly sensitive and personal nature. Therefore, the court grants Jane Doe's motion and permits Jane Doe and Richard Roe to proceed anonymously.

**ORDER**

For the reasons stated above, the court HEREBY ORDERS that Jane Doe's motion to proceed anonymously[17] is GRANTED.[18]

IT IS SO ORDERED.

DATED this 16th day of March 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[17] ECF No. 4.

[18] Jane Doe has already filed under seal with the court a document containing Jane Doe's full name and Richard Roe's full name. ECF No. 5.